Moncure, P.
This is a writ of error to a judgment of conviction for rape. There are three questions in the case. First, whether the indictment is defective in not stating that the person on whom the offence is charged to have been committed is a female. Secondly, whether Ellen Frances Davis, the name given to such person in the indictment, and Helen Frances Davids, the true name of said person, are the same names or of the same sound. And, thirdly, whether, according to the evidence, the said person is so known by the name of Ellen Frances Davis, as that a description of her by that name in the indictment is a sufficient description.
1. As to the first question. The statute on which the indictment is founded is in these words: “ If any person carnally know a female of the age of twelve years or more, against her will, by force, he shall be, at the discretion of the jury, punished by death, or confined in the penitentiary for not less than ten nor more than twenty years.” Acts of Assembly, 1865-6, p. 82, chap. 14. According to the authorities cited by the counsel for the plaintiff in error, it is generally proper and safest to follow in the indictment the description given of the offence in the statute which creates it. And, as the word “ female ” is here used in the statute, it would have been better to have used it also in the indictment. There are certain technical words of description of an offence which cannot be substituted by the use of other words in an indictment; such as the words “feloniously,” “burglariously,”' *828 “carnally know,” &c. But descriptive words, which, are not of such technical character, though they generally better express their own meaning than any other words that can be used, may be substituted by the use of synonymous words, or words which plainly bring the case within the meaning of the statute. The word “ female ” here is certainly not of that technical'character.
Then is there enough in the indictment plainly to show that the person on whom the offence is charged to have been committed is a female ? I think there is. Both of the names, “ Ellen ” and “ Frances,” are names universally applied to females only, and the personal pronoun of the female gender, “her,” is twice used in the indictment in relation to the person therein described as “ Ellen Frances Davis;” and there is not a word in the indictment tending to show that such person is not a female.
But the eases cited by the attorney-general on this subject are directly in point, are founded on good reason, and place the matter beyond all controversy. They are The State v. Goings, 4 Dev. & Bat. R. 152; The State v. Farmer, 4 Ired. R. 224; and The State v. Hussey, 7 Clarke Iowa R. 409. They all show (to use the language of "Wright, Ch. J"., in the last named case) that, “ while it would be better in such cases to charge expressly the sex, yet the omission of such averment will not vitiate, if the same thing appears from all that is stated by the pleader.” And in all of them the name of the person injured, and the gender of the pronoun used in reference to such person, were held sufficient to show that the person was a female, upon whom alone the offence could be committed, according to the express language of the statute in each case.
2. As to the second question, to wit: that in reference to the identity or of the sound. There has been much contrariety of decision on this subject; that is, *829 as to what is 11 idem smans;” and cases might no doubt be referred to, strongly tending to maintain each side of the question in this case. See 1 Am. Cr. Law, by "Wharton, §§ 258, 597. But the question is one for the jury, and not for the court, which cannot instruct the jury, as matter of law, that any two names are or are not of the same sound. Id. § 258; Regina v. Davis, 2 Denn. 231; 6 Brit. Cr. Cas. 233. The plaintiff in error, in the two instructions asked for by him, proceeded upon the erroneous ground, that what is idem sonans, is a question of law for the court. And the court was, therefore right in refusing to give them. ^Perhaps, if there had been nothing else in the case to identify the person but the similarity of the names, it might have been proper for the court, in refusing the instructions asked for, to have gone further, and referred the question of sameness of sound to the jury. Attorney-General v. Hawkes, 1 Crompton & Jervis’ Exch. R. 120. But there was something else in the case which rendered it unnecessary if not improper to refer that question to the jury. And this brings us to the enquiry,
3. As to the third and last question in the case, to wit: Whether, according to the evidence, the person charged to have been injured is so known by the name of Ellen Prances Davis, as that a description of her by that name is a sufficient description? The bill of exceptions shows that it was “proved by the Commonwealth that the said prosecutrix was as frequently called Ellen Frances Davis, in the community, as Helen Francis Davids;” and there is not a particle of evidence in the record to the contrary. It may therefore be taken as a fact in the cause, and the question is, What is the law arising upon that fact, as applied to this case? Is it sufficient to describe her in the indictment as “Ellen Frances Davis?” I think it is, and that this is manifest from all' the authorities.
In the case before cited, of the Attorney-General v. *830 Hawkes, which was an information for offering a bribe to Thomas Dabbs, a custom-honse officer, there was ■ evidence that his name of baptism was Thomas Tyrrel Dabbs, in which name his commission was made out, but that he was as well, or better, known at the customhouse and in the trade by the name of Thomas Dabbs, which name he himself generally used. It was held to be no variance. “It has been stated,” says the Lord Chief Baron, Alexander, “that one reason for requiring precision is, that, in the event of an acquittal, the defendant may be able to avail himself of that acquittal by pleading antre foi acquit, which, in this case he could not do, because a new information might charge him with an attempt to bribe Thomas Tyrrel Dabbs, and to such an information he could not plead the acquittal on a charge of attempting to bribe Thomas Dabbs. To this I answer that he might defend himself in that way with the aid of an averment, which it would be competent to him to introduce, that Thomas Dabbs and Thomas Tyrrel Dabbs were the same person. I am of opinion, then, that this is no material variance.” “I agree,” says Baron Vaughan, “if the proof had stood nakedly on the answer to the question, upon cross-examination as to the name, that the name was Thomas Tyrrel Dabbs, without further explanation, that the variance would have been fatal; because Thomas Tyrrel Dabbs is not Thomas Dabbs. But when, upon further enquiry, it appeared that the witness was as well, or better known, by the name of Thomas Dabbs than by the name of Thomas Tyrrel Dabbs; I should say that that fact being undisputed, or, if disputed, being found by the jury, there was no longer any variance; and the name answering the description in the information, it became a sufficient designaiio personae.” There are other portions of this case which are very instructive, but I will not take time to make further quotations from it.
*831 In Roscoe’s criminal evidence, library edition, pp. 81, 82, tbe writer says: “If the name be that by which a person is usually called or known, it is sufficient.” And he cites and states, in support of this position, the cases of Rex v. Norton, Russ. & Ry. 510; Anon. 6 Car. & Payne R. 408, 25 Eng. C. L. R. 460; and Rex v. Williams, 7 Car. & Payne 298, 32 Eng. C. L. R. And in note to p. 81, he cites the case of The State v. France, 1 Overton R. 434 (Tenn.), in which it was held that where the name alleged was Harris, the true name Harrison, though he was sometimes called by the former, it was no variance.
See also 1 Wharton, § 257, and the case cited in note (k) of State v. Gardiner, Wright’s Ohio R. 392.
The counsel for the plaintiff in error do not deny these authorities; but seek to restrict their application to cases in which the party is generally known by the name mentioned in the indictment, they construing the word generally to mean better than by the true name. I do not think there is any warrant in the law for such a restriction, especially connected with such a construction, and I think the cases I have cited, and the reasons on which they are founded, show that I am right. They show that it is sufficient if the party be as well known by the name mentioned in the indictment, as "by the true name. "Wherever that is the case it may properly be said that the party is generally known by both names. A person may universally be known— that is, by all who know him at all—by two names; and then, of course, he is generally known by each. The prosecutor cannot be expected to know, in all eases, what is the true name. He is compelled, in most cases, to describe the party by the name he bears by reputation; and no evil can result by describing him "by that name, as has already been shown. In this case “the proof was that the party “ was as frequently called Ellen Prances Davis, in the community, as Helen Prances *832 Davids;” not called so by one, or two, or three, or any definite or circumscribed number of persons, but as frequently by one name as the other, and in the community. Could there be stronger evidence that that was a name by which she was generally known, and was not the prosecutor plainly warranted in describing her by that name in the indictment? I have already answered the question, and my opinion is that there is no error in the judgment, and that it ought to be affirmed.
The other judges concurred in the opinion of the President.
Judgment appirmed.